IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CYNTHIA RENEA HENSON**, individually | § | |
| and on behalf of the estate of Keith Henson | § | |
| and as next friend of Lauren Nicole Henson, | § | |
| Garrett Alan Henson and | § | |
| Grant Andrew Henson, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-0566-L |
| | § | **ECF** |
| **POWER, ROGERS & SMITH, P.C.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Opposed Motion to Remand, filed April 27, 2006.  After

careful consideration of the motion, response, briefs, record, and applicable authority, the court, for

the reasons stated, **grants** Plaintiffs' Opposed Motion to Remand.

### I. Background

Jean Henson, Euril Henson, and Cynthia Renea Henson, individually and on behalf of the

estate of Keith Henson and as next friend of her minor children Lauren Nicole Henson, Garrett Alan

Henson, and Grant Andrew Henson (collectively, "Plaintiffs"), originally filed this action against

Defendants Larry R. Rogers, Jr. ("Rogers") and Power, Rogers & Smith, P.C. ("PRS" or

"Defendant")[1] in the 160th Judicial District Court, Dallas County, Texas, on May 27, 2005.  Plaintiffs

filed their First Amended Petition in state court on March 7, 2006.  In the First Amended Petition,

Jean and Euril Henson, the parents of Keith Henson, and Rogers, the individual defendant, were not

---

[1]PRS is a professional corporation organized under the laws of the state of Illinois with its principal
place of business in Geneva, Illinois.

**Memorandum Opinion and Order - Page 1**

parties, and therefore they do not appear in the caption of this action.  On March 30, 2006, PRS

removed the state court action to federal court on the grounds of diversity of citizenship and that the

amount in controversy exceeded $75,000.

Plaintiffs have filed a motion to remand, contending, among other things, that Defendant

PRS's removal is untimely in that it was not filed within thirty days after the date of service of the

summons and Plaintiffs' Original Petition ("Petition").[2]  Defendant PRS disagrees and urges the

court to deny the motion to remand.  Specifically, Defendant contends that it removed within thirty

days of its receipt of discovery responses revealing that Plaintiffs' claims exceeded $75,000.

To understand the origin and nature of this action, the court provides some limited

background information.[3]  On March 11, 2002, Keith Henson was driving his 2000 Chrysler Grand

Cherokee ("Henson Vehicle") on Highway 183 in the Dallas/Fort Worth metropolitan area.  While

driving on the roadway, the Henson Vehicle rolled over, and Keith Henson was partially ejected

from the vehicle.  Keith Henson passed away on March 12, 2002, from injuries he sustained during

the accident.

Plaintiffs subsequently retained Defendant PRS to pursue a products liability action against

DaimlerChrysler Corporation ("DaimlerChrysler") arising from Keith Henson's death.  Among other

things, Plaintiffs believed and alleged that a seat defect in the Henson Vehicle caused Keith

Henson's death.  Defendant PRS and Rogers, who has since been dismissed, entered into a written

contract with Plaintiffs to pursue such action.

---

[2]The court refers to the Petition rather than Plaintiffs' First Amended Petition because it is the one on which the court relies to rule on the motion to remand.

[3]The background information provided by the parties goes into much greater detail than the court; however, the court need not address each aspect of the to-and-fro between the parties to resolve the pending motion.

**Memorandum Opinion and Order - Page 2**

According to Plaintiffs, PRS and Rogers failed to timely secure and preserve the Henson Vehicle, inspect and examine the Henson Vehicle, and preserve valuable information and evidence contained in the Henson Vehicle.  Plaintiffs also contend that as a proximate result of PRS's breach of duty and negligence, the Henson Vehicle was not maintained, and was crushed and shredded.

Plaintiffs assert that in May 2003, after PRS discovered that the Henson Vehicle no longer existed, PRS advised them that it could not pursue the litigation without the vehicle and terminated its representation of Plaintiffs.  Plaintiffs then retained counsel in Texas to pursue the matter against DaimlerChrysler (the "Underlying Matter").  The Underlying Matter was removed from the 160ᵗʰ Judicial Court, Dallas County, Texas, and assigned to the docket of the Honorable Jane J. Boyle, and it was settled and concluded on February 15, 2005.  *See* Agreed Final Judgment, Civil Action No. 3:04-CV-0993-B.

Plaintiffs contend that the Underlying Matter was significantly compromised and settled because of PRS's actions in failing to secure the vehicle or evidence therefrom, and Plaintiffs therefore suffered significant damages by having to settle for much less than what they could have received had the vehicle been available.  Plaintiffs sued for legal malpractice, breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices Act ("DTPA").  *See* Plaintiffs' Petition at 5-7.  Plaintiffs seek compensatory damages for all losses that occurred as a result of Keith Henson's wrongful death, actual and multiple (treble) damages under the DTPA, as well as attorney's fees, and exemplary damages for gross negligence.  Plaintiffs' Petition at 7-9.

Defendant PRS contends that it was not responsible for loss of the automobile wreckage, and that Defendant breached no duty that it owed Plaintiffs with respect to the wreckage.  PRS also contends that Plaintiffs were responsible for failing to preserve the wreckage.  Defendant further

contends that photographs of the wreckage existed, thereby rendering absence of the actual wreckage irrelevant with respect to Plaintiffs' theory of liability. Defendant additionally contends that Plaintiffs' claims are speculative, since it is just as likely that the wreckage, if preserved, would have refuted their claims in the Underlying Matter as it would have supported them. Finally, PRS contends that Plaintiffs' claims may be barred by the applicable statute of limitations.

## II. Plaintiffs' Motion to Remand

### A. Applicable Law

The procedure that a defendant must follow in removing an action from state to federal court is set forth in 28 U.S.C. § 1446. This statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Whether PRS's removal was timely depends on which paragraph of section 1446(b) is applicable. The first paragraph of section 1446(b) relates *solely* to removals based on "an initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The second paragraph, by the plain language of the statute, comes into play *only* if "the case stated by the initial pleading is not removable." *Id*. The court determines that the

first paragraph controls the disposition of this motion.  With respect to the first paragraph of §

1446(b), "the thirty day time period in which a defendant must remove a case starts to run from

defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face

that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal

court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

### B.  Analysis

Plaintiffs' Petition does not state any dollar amount for the damages they seek or

affirmatively state that the damages sought are in excess of the jurisdictional threshold for federal

court.  This is not in dispute.  The question is whether the Petition "affirmatively reveals" that

Plaintiffs were seeking damages in excess of the jurisdictional threshold of $75,000.  The court

concludes that the allegations regarding damages (compensatory, treble and exemplary) in

conjunction with the number of plaintiffs in the lawsuit, the number of causes of action, and the

request for attorney's fees "affirmatively revealed" or made it "facially apparent" that Plaintiffs were

seeking in excess of $75,000.

A cursory review of the Petition readily establishes that there were multiple plaintiffs seeking

damages in this case, and that Plaintiffs asserted three distinct causes of action.  With respect to

damages, Plaintiffs made the following allegations:

> 35.    Plaintiffs seek to recover all damages, including wrongful death
> damages, for the losses that they have incurred as of the time of Keith Henson's
> death and that they have incurred since that time and will continue to incur in the
> future, including, but not limited to, damages for mental anguish, pain and suffering,
> loss of companionship and society, loss of inheritance and pecuniary loss, and loss
> of services and contributions, among others.
>
> 36.    On behalf of the Estate of Keith Henson, Plaintiff C. Henson seeks
> to recover damages for, among other things, K. Henson's mental anguish and

physical pain and suffering, his funeral and burial expenses, medical expenses, and his loss of the enjoyment of his life.

37.    Additionally, Plaintiff C. Henson, as the surviving spouse of K. Henson seeks damages for the following losses which accrued at the time of her husband's death and which will continue to accrue in the future: loss of household services, care, counsel, advice, guidance, protection, attention, love, enjoyment of life, felicity, affection, consortium, pecuniary loss, loss of inheritance and loss of community estate, as well as the other damages described above.  Additionally, she seeks damages for the pain and suffering and mental anguish she suffered from the time of the acts and/or omissions described above until present.  In particular, she suffered mental anguish damages on account of physical injuries and physical sickness as a result of the accident made the basis of this suit.  Many of the injuries are incomplete at this time and are continuing to evolve.

38.    Lauren Henson, Garrett Henson and Grant Henson, as the children of K. Henson, each seek damages for the following losses which accrued at the time of their father's death and which will continue to accrue in the future: loss of pecuniary contribution, loss of future accumulations of wealth, loss of addition to the estate, maintenance, support, education, loss of counsel, advice, protection, attention, society, felicity, enjoyment of life, love and companionship, as well as the other damages described above.  Additionally, they seek damages for the pain and suffering and mental anguish suffered by each of them as a result of the acts and/or omissions described above.  In particular, they suffered mental anguish damages on account of physical injuries and physical sickness as a result of the accident made the basis of this suit.  Many of the injuries are incomplete at this time and are continuing to evolve.

39.    Plaintiffs also seek the recovery of damages under the DTPA, including but not limited to actual and additional (treble) damages, as well as damages for mental anguish, pre- and post-judgment interest, costs of court and attorneys' fees.

.   .   .

41.    The acts and omissions of the Defendants constitute gross negligence, for which Plaintiffs are entitled to recover exemplary damages.

Plaintiffs' Petition ¶¶ 35-39, 41.

The court recognizes that this is not a wrongful death case *per se*.  To the extent Plaintiffs

characterize this action as a wrongful death case, such characterization is misleading.  This action

is derivative of a wrongful death action, but it does not qualify as a wrongful death case.  Plaintiffs'

causes of action result from alleged failures, omissions, or misrepresentations of material facts by Defendant.  Plaintiffs, of course, are not contending that Defendant in any way caused the death of Keith Henson.  Plaintiffs seek damages for the diminished value of the Underlying Matter, which they contend occurred because of the negligence and gross negligence of Defendant.  In other words, one of Plaintiffs' claims would be for the difference in the value of the Underlying Matter without the Henson Vehicle and the value of the Underlying Matter with the Henson Vehicle.  The court agrees with Defendant that one cannot determine this differential on this claim by solely examining Plaintiffs' Petition; however, this is not the end of the story.

Defendant only addresses the negligence and legal malpractice claim; it neglects to address the other aspects of Plaintiffs' Petition, as Plaintiffs have pleaded two other causes of action – breach of fiduciary duty and violation of the DTPA – and sought damages regarding these claims.  Plaintiffs seek actual damages on the alleged DTPA violations, as well as treble damages and attorney's fees.  Further, Plaintiffs allege that the action of PRS in not preserving and protecting the Henson Vehicle constituted gross negligence, for which they seek exemplary damages.

The court agrees with and adopts the approach used by the court in *Carleton v. CRC Indus. Inc.*, 49 F.Supp.2d 961, 962 (S.D. Tex. 1999), which held that it was readily apparent from a reasonable and common-sense analysis of the allegations in the plaintiffs' petition that the damages they sought exceeded the jurisdictional threshold of $75,000.  The court finds the reasoning in *Carleton* persuasive and sound.  In today's world, it does not take much to reach $75,000.  Indeed, the attorney's fees, alone, in a case of this nature would exceed $75,000.  Common sense and experience also dictate that a lawsuit of this nature, with all of the elements of damages, would not

even be worth prosecuting for less than $75,000.  This is one of those cases where the application of common sense and logic must prevail; otherwise, an absurd result occurs.

The court is aware that a published case in this district, *Staton v. Wells Fargo Bank, N.A.*, 192 F.Supp. 2d 681 (N.D. Tex. 2002), disagrees with the holding in *Carleton*.  In *Staton*, while the court found the common-sense approach used in *Carleton* and other cases persuasive, it concluded that such approach "encouraged courts to dip into the briar patch of guesswork the *Chapman* court cautioned district courts to avoid."  *Staton*, 192 F.Supp. 2d at 684.  The court, however, determines that there is no briar patch of guesswork in this case, as it is "facially apparent" that the jurisdictional minimum is met.

The common-sense approach has been used by the Fifth Circuit in removed cases to determine whether the jurisdiction amount has been satisfied.  In a removal case, the defendant has the burden of establishing jurisdiction.  When no specific amount is alleged in the pleadings, a defendant must show that the amount in controversy exceeds $75,000.  This requisite showing may be done "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy – preferably in the removal petition but sometimes by affidavit – that support a finding of the requisite amount.'"  *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)).  In looking at the face of the complaint in *Allen*, the court took note of the large number of plaintiffs, the three corporate defendants, and the "wide variety of  harm allegedly caused by wanton and reckless conduct."  *Allen*, 63 F.3d at 1336.  In holding that the face of the complaint supported federal jurisdiction, the Fifth Circuit stated, "A court, in applying *only* common sense, would find that if the plaintiffs were successful in their punitive damages claims, they would

collect more than [the jurisdictional minimum]." *Id.* (emphasis added).  In additional to *Allen*, the Fifth Circuit has also used the common-sense approach to conclude that it was "facially apparent" from the complaint that the damages sought exceeded the jurisdictional minimum in *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), and *Luckett*, 171 F.3d at 298.

  *Allen, Luckett,* and *Gebbia* were all cases in which the plaintiffs sought remand, and the court held that the common sense or common experience dictated it was "facially apparent" that the damages alleged or sought in the complaint would satisfy the jurisdictional minimum.  Remand was denied in all three cases.  The court fully realizes that the *Chapman* court uses the term "affirmatively reveal" and that *Allen, Gebbia* and *Luckett* speak in terms of what was "facially apparent," or what could be determined from the face of the complaint.  The court sees no meaningful distinction between the terms "affirmatively reveal" and "facially apparent."  Moreover, the court is at a loss to explain how the allegations set forth in *Allen, Gebbia* and *Luckett* can satisfy the jurisdictional amount and permit a defendant to remove, yet not allow a plaintiff to use the same approach to establish that the jurisdictional threshold has been satisfied when such plaintiff desires to remand because the defendant has not timely removed.  The rule must work the same way in both instances if it is to have any utility.  The approach that the court uses in this case is totally consistent with that used by the Fifth Circuit in *Allen, Gebbia* and *Luckett*.  The only difference is that the decisions in those cases worked in favor of the defendants, and the decision in this case works in favor of Plaintiffs.

  For the reasons previously set forth, the court determines that Plaintiffs' Original Petition made it "facially apparent" or "affirmatively revealed" to Defendant PRS that the host of damage claims made by Plaintiffs exceeded the jurisdictional threshold of $75,000.  Accordingly, the

removal clock began to run when Defendant PRS was served with citation and Plaintiffs' Petition on June 14, 2005. PRS did not remove until March 30, 2006, which was within thirty days after Plaintiffs admitted in answer to a request for admission, which was received by Defendant on March 9, 2006, that they sought damages in excess of $75,000; however, the removal date was not within thirty days of service of Plaintiffs' Petition. Since the removal was not effected within thirty days of service of the Petition, it was untimely. Plaintiffs are therefore entitled to have this action remanded to state court.[4]

### III. <u>Attorney's Fees</u>

Plaintiffs request the court to require Defendant to pay costs, actual expenses and attorney's fees incurred for "the wrongful removal of this action." Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id*. at 293. In light of the discussion in this opinion and applicable case authority, the court cannot say that Defendant did not have objectively reasonable grounds to remove this case. Accordingly, the court will not award costs, expenses or attorney's fees.

---

[4]Having ruled that Defendant's removal is controlled by the first paragraph of § 1446(b), the court will not address Plaintiff's "other paper" argument pursuant to the second paragraph of § 1446(b), or Plaintiffs' waiver argument.

**Memorandum Opinion and Order - Page 10**

## IV.  Conclusion

For the reasons stated herein, the court determines that Defendant PRS did not remove this case to federal court within thirty days of service of Plaintiffs' Petition.  Defendant did not remove until March 30, 2006, well past thirty days after service.  The removal was thus untimely, and the court **grants** Plaintiffs' Motion to Remand.  The court hereby **remands** this action to the 160th Judicial District Court, Dallas County, Texas.  The clerk of the court shall effect this remand in accordance with the usual procedure.  The parties shall bear their own costs, expenses and attorney's fees.

**It is so ordered** this 31st day of January, 2007.


Sam A. Lindsay
United States District Judge